[Civ. No. 13585. Second Dist., Div. Two. July 24, 1942.]

PACIFIC SOUTHWEST REALTY COMPANY (a Corporation), Appellant, v. CHARLES J. McCOLGAN, as Franchise Tax Commissioner, etc., Respondent.

Claude I. Parker and Bayley Kohlmeier for Appellant.

Earl Warren, Attorney General, H. H. Linney, Assistant Attorney General, and Adrian A. Kragen, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in consolidated actions for the recovery of corporation franchise taxes paid for the taxable years 1935 and 1936 upon the basis of its net income for the years 1934 and 1935, plaintiff appeals.

The undisputed facts are:

In the years 1923, 1924, and 1925 plaintiff issued securities which were designated as 6½ per cent cumulative preferred serial stock. These securities were drawn in the usual form establishing a relationship between a stockholder and a corporation. They were required to be redeemed at the end of a fixed period of years for the par value of $100 and any unpaid accumulated dividends. They provided for a quarterly dividend payable out of profits in the aggregate annual amount of 6½ per cent for one serial issue and 5½ per cent for another. In the event profit was not made and the quarterly dividend not paid, the holders of the preferred shares who otherwise had no voting rights acquired all of the voting rights of the stockholders and could assume control of the corporation and through ordinary corporate processes compel declaration and payment of a dividend. The preferred stockholders had no power to pay the quarterly dividends otherwise than by the corporate process of declaration of dividends from profits then existing. This power was never invoked and all dividends paid in the years in question were declared paid by usual corporate procedure by action of the board of directors.

These are the questions presented for our determination:

*First: Was the so-called preferred stock in fact not preferred stock but a mere evidence of indebtedness?*

*Second: Were the so-called dividends which had been paid on the preferred serial stock in fact not dividends but payments of interest on indebtedness?*

*Third: Was the discount at which the securities were sold a deductible expense?*

*Fourth: Was the expense of issuance of the securities a deductible expense?*

*Fifth: Was the expense of issuing appellant's bonds and the discount at which said bonds were sold a deductible expense?*

The first four questions must be answered in the negative. An examination of the facts surrounding the issuance

of the cumulative preferred serial stock in the instant case presents a very close question as to whether the cumulative preferred serial stock was in fact stock or merely evidence of an indebtedness of the plaintiff to the holders of the securities. However, since the appeal in the present case was filed, the United States Circuit Court of Appeals for the Ninth Circuit has had the first four questions above stated presented to it on the identical facts involved in this case in reviewing a decision of the Board of Tax Appeals. The title of this case is *Pacific Southwest Realty Company* v. *Commissioner of Internal Revenue*, No. 10037, 128 F. (2d) 815 filed June 8, 1942. We have examined this decision, which holds that the cumulative preferred serial stock is in fact stock and not a mere evidence of indebtedness, and we are of the opinion that the conclusions reached in such case are sound as applied to the facts of the present case. Therefore, we follow such decision in holding that the cumulative preferred serial stock was stock and not evidence of indebtedness. The same reasoning applies to the second, third, and fourth questions.

■ The fifth question must be answered in the affirmative. If bonds are issued by a corporation at a discount, the net amount of such discount, together with the expense incurred in the issuance of the bonds, is deductible under federal regulations (see Federal Regulations 86, art. 22(a) 18, Regulations 103, § 19.22(a) (18), *Chicago, Rock Island & Pac. Railway Co.* v. *Commissioner*, 13 B. T. A. 988).

It is our opinion that the same rule should be applied in fixing the amount of a corporation franchise tax. In the present case it was stipulated that plaintiff had outstanding certain bonds which had been issued at a discount and that plaintiff had incurred expenses in connection with the issuance of such bonds. It was further stipulated that $2,220.24 of the discount was properly allocable to the year 1934 and that $16,849.98 of the discount was properly allocable to the year 1935, also that $472.45 of the expense of issuance of plaintiff's bonds was properly allocable to the year 1934, and $3,740.46 of such expense was properly allocable to the year 1935.

For the foregoing reasons the trial court is directed to modify the judgment by allowing plaintiff as a deduction the stipulated amount of the discount and expense incurred

in the issuance of its bonds. As thus modified the judgment is affirmed.

Moore, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 21, 1942.